(No. 4212- 

GILBERT WINGERTER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

JOHN R. SPRAGUE, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

This is a claim of Gilbert Wingerter against the respondent, the State of Illinois, for personal injuries sustained on his first day of employment, January 6, 1948.

The complaint alleges that the claimant was assigned to operate an air hammer used to break out defective pavement on S. B. I. Route No. 3 in Randolph County. Shortly after 11:00 A.M., the air compressor and equipment were moved to a new location. At approximately 11:30 A.M., at a point about one mile north of Ellis Grove, Mr. Wingerter lifted the air hammer from the air compressor, and stepped onto the pavement. The corner of the body of a passing Division truck hit Mr. Wingerter, knocking him against the compressor, and injuring his left leg.

The Division had Mr. Wingerter taken to St. Clement's Hospital, Red Bud, Illinois, where Dr. A. C. Scott, Evansville, was placed in charge of the case. Dr. Scott secured the services of a specialist in orthopedics, Dr. Kilien F. Fritsch, East St. Louis, Illinois, to aid him in reducing the leg fractures suffered by Mr. Wingerter.

Dr. A. C. Scott testified that his examination showed Mr. Wingerter received a fracture of the left tibia, or the larger bone, and the left fibula, or smaller bone, near the distal end; also, a fracture that was called comminuted and compound. By compound, Dr. Scott referred to that entrance from the outside to the side of the fracture. By comminuted, Dr. Scott referred to the facts that the leg was broken into several pieces.

Mr. Wingerter was married, and had three children under 16 years of age dependent upon him for support. As earlier stated, he was first employed on January 6, 1948, as a temporary laborer in one of the Division's day labor units at a wage rate of $1.40 an hour. Employees working in a similar capacity ordinarily work less than 200 days a year. Therefore, under Section 10 of the Workmen's Compensation Act, Mr. Wingerter is presumed to have earned $2,240.00 in the year preceding the accident.

The record consists of a complaint, departmental report, transcript of evidence, three statements of radiographic findings, and six X-Ray exhibits.

There is but one question, therefore, for this Court to determine—the nature and extent of his injury, and whether or not said injury has caused him any degree of permanent disability, as defined under the terms and provisions of the Workmen's Compensation Act of this State, Section 8, Paragraph (e) 15.

Reviewing the opinions of Dr. Fred Reynolds, Dr. Kilien Fritsch, and the observations of the Commissioner of this Court, we feel Mr. Wingerter sustained a permanent impairment, estimated to be in the neighborhood of 20 per cent of the left leg below the knee.

Following his injury, the Division paid Mr. Wingerter compensation at the rate of $23.40 a week for the period January 7 to August 31, 1948, in the total amount

of $759.59. Compensation payments were terminated August 31, 1948, one week after Dr. Reynold's examination of August 24, 1948, at which time the doctor recommended that Mr. Wingerter return to light work.

The Division of Highways has paid the following creditors in connection with Mr. Wingerter's injury; Dr. Kilien F. Fritsch, East St. Louis, $75.00; Dr. A. C. Scott, Evansville, $150.00; Dr. Wendell C. Scott, St. Louis, $37.00; Dr. J. Albert Key, St. Louis, $45.00; St. Clement's Hospital, Red Bud, $258.03; and claimant, Gilbert Wingerter, miscellaneous expenses, $17.47, making a total sum of $582.50 paid.

No jurisdictional questions were raised.

An award is, therefore, made to claimant, Gilbert Wingerter, for 20 per cent partial, permanent loss of use of his left leg below the knee, being 38 weeks. The claimant had three children under the age of 16 years dependent upon him for support at the time of the accident, so that the weekly maximum rate is increased to $18.00 per week. The injury, having occurred after July 1, 1947, this must be increased 30 per cent, making a compensation rate of $23.40 per week, or the sum of $889.20, all of which has accrued, and is payable forthwith (Sec. 8-J-3).

The testimony at the hearing was taken and transcribed by Henry P. Keefe, who has submitted a statement for his services in the amount of $41.90. This statement appears reasonable for the services rendered.

An award is, therefore, entered in favor of Henry P. Keefe, for taking and transcribing testimony in the amount of $41.90, payable forthwith.

The award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".